UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANNETTE LYN BLANCHARD,

Plaintiff,

v.

CALVIN LEE,

Defendant.

Case No. 2:26-cv-03722-CDS-EJY

**ORDER**

On November 5, 2026, Annette Lyn Blanchard, proceeding *pro se*, filed an Application to Proceed *in forma pauperis* ("IFP") together with a Declaration and an Exhibit showing various payments made through Zelle. ECF Nos. 1, 1-1. Although Ms. Blanchard identifies herself as the Defendant, a review of her Declaration makes clear that she is the party initiating this lawsuit. Accordingly, Ms. Blanchard is listed as the Plaintiff in the caption of this Order and is advised that moving forward, she must list herself as such.

Plaintiff did not file a complaint, which she must in order to initiate a civil rights lawsuit in the District of Nevada. Plaintiff must file her complaint on the approved form provided by the Court or must include, in an alternative form, substantially all the information called for by the Court's form when initiating a civil rights lawsuit. Local Rule LSR 2-1.[1] Plaintiff is advised to identify the law she is seeking to sue under thereby allowing the Court to determine whether it has subject matter jurisdiction. Plaintiff should note that federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Federal district courts have subject matter jurisdiction over civil actions arising under the U.S. Constitution or federal law. 28 U.S.C. § 1331. The Court also has subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of

[1] Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." U.S. District Court for the District of Nevada Local Rule LSR 2-1 states: "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

$75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). It is unclear whether the Court has subject matter jurisdiction because Plaintiff does not identify any federal law and it is unclear if the person she intends to sue is a resident of a state other than Nevada.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that no later than **December 10, 2026**, Plaintiff **must** submit a complaint on the Court's approved form or must include in an alternative form substantially all the information called for by the Court's form.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint along with the information and instructions for filing the same.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation to dismiss this action **without prejudice**.

Dated this 10th day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE